*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT MANUEL-GUY MCCOY,

        Defendant-Appellant.

UNPUBLISHED
July 30, 2019

No. 340306
Hillsdale Circuit Court
LC No. 13-373061-FC

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

Beckering, P. J. (*concurring*).

I concur in the result. Defendant argues that he is entitled to be resentenced without a habitual offender enhancement because the prosecution failed to file a proof of service of the habitual offender notice in violation of MCL 769.13(2). Pursuant to MCL 769.13,

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service

-1-

of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.[1]

Defendant waived an arraignment. The record reveals that the prosecution filed the information charging defendant of the underlying offense on May 23, 2013, and then timely filed its habitual offender notice on May 29, 2013, in compliance with MCL 769.13(1). The record also demonstrates, and defendant does not contest, that the prosecution's written notice listed defendant's prior convictions that the prosecution would or might rely on for purposes of sentence enhancement, in compliance with MCL 769.13(2). The prosecution has not disputed, however, that it failed to file with the clerk's office a proof of service of the notice to defendant or his attorney of its intent to enhance defendant's sentence, in violation of MCL 769.13(2). This Court granted defendant's delayed application for leave to appeal on February 20, 2018. On March 27, 2018, the Court issued its opinion in *People v Head*, 323 Mich App 526; 917 NW2d 752 (2018), which directly addressed whether a defendant is entitled to be resentenced without a habitual offender enhancement because the prosecution failed to file a proof of service of a habitual offender notice.

According to *Head*, a failure to file the proof of service with the clerk of the court constitutes harmless error as long as the prosecution can prove that the defendant had actual notice of the prosecution's intent to seek an enhanced sentence and the defendant was not prejudiced in his ability to respond to the habitual offender notification. *Head*, 323 Mich App at 544-545. Notably, *Head* does not state that actual notice to the defendant can be effectuated outside the 21-day time period set forth in MCL 769.13. *Head* cannot and does not infringe on our Supreme Court's ruling in *People v Cobley*, 463 Mich 768; 618 NW2d 768 (2000), in which it vacated the defendant's sentence as a fourth habitual offender and remanded for resentencing because the prosecution had not proven that the notice of sentence enhancement was served on the defendant within 21 days after the defendant was arraigned; and it did so without a harmless-error review. In other words, the failure to file a proof of service with the clerk of the court in violation of MCL 769.13(2) is subject to a harmless-error analysis *only* when the prosecution can prove that the defendant had actual notice within the requisite 21-day time period set forth in MCL 769.13(1).[2] If the prosecution cannot prove that the defendant had actual notice within that

---

[1] See also MCR 6.112(F).

[2] On October 9, 2018, our Supreme Court heard oral argument on the application for leave to appeal in *People v Straughter*, 501 Mich 944, 904 NW2d 633 (2017) (Mem), to consider this Court's unpublished opinion concluding that the defendant was entitled to resentencing without a habitual offender enhancement where the prosecution was unable to show that the defendant was timely served with a written notice of its intent to seek the enhancement, noting also in a footnote that in any event, there was no evidence that actual notice was provided, *People v Straughter*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2017 (Docket No. 328956), pp. 9-10 & n 10. In its order, the Supreme Court required briefing on the following issues: 1) "whether the harmless error tests articulated in MCR 2.613 and MCL 769.26 apply to violations of the habitual offender notice requirements set forth in MCL 769.13"; 2) "whether the prosecutor may establish that a defendant received a habitual offender notice at any time before the 21-day time limit in MCL 769.13 by any means other than a proof of service"; and 3)

time period, the defendant may not be sentenced as a habitual offender. As noted in *Head*, "[t]he purpose of the notice requirement is to provide the accused with the notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense." *Head*, 323 Mich App at 543 (quotation marks and citation omitted).

In *Head*, our Court concluded that the prosecution's failure to file a proof of service of the notice constituted harmless error because the charging documents in the lower court file all apprised the defendant of his fourth-offense habitual offender status, and the defendant did not claim that he and his defense counsel never received a copy of the charging documents. *Id*. at 544. The defendant also received actual notice on the record at his preliminary examination. *Id*. Finally, defendant did not assert that the prosecutor failed to give him a copy of the felony information at his arraignment, as required by MCR 6.113(B). *Id*. The Court concluded that because the defendant had access to the charging documents, he had notice of the charges against him, including the habitual offender enhancement, and he was informed of the enhancement at the preliminary examination. *Id*. The conclusion that defendant had actual notice and was not prejudiced was further supported by the fact that the defendant and his counsel acknowledged the prosecution's enhanced sentencing intentions on the record at defendant's pretrial hearing when discussing plea negotiations, they exhibited no surprise when defendant was sentenced as a fourth habitual offender, and defendant did not challenge his fourth-offense habitual offender status on appeal. *Id*. at 545.

In this case, there is no evidence in the record that defendant received actual notice at the preliminary examination that he was being charged as a fourth-offense habitual offender. And he waived an arraignment on the information. Further, unlike in *Head*, the habitual offender notice was filed separately from the felony information. Thus, the charging document did not apprise defendant of the prosecution's intent. However, on June 3, 2013, 11 days after the filing of the information charging the underlying offense, the court held a pretrial conference at which defendant was ordered to appear. On June 4, 2013, the trial court issued a written summary of the pretrial conference that indicated defendant was being charged as a habitual offender, wherein he had three prior felony convictions. The court's summary contained a proof of service establishing that it was sent to defense counsel on June 4, 2013. Regardless of whether defendant himself was present at the pretrial conference, which defendant disputes,[3] the court ordered him to appear and his counsel was present and received a copy of the pretrial summary. The record thus establishes that defendant had actual notice of the prosecution's intent to seek an enhanced sentence as a fourth-habitual offender within 21 days of the charging of the underlying offense.

The record also reveals that no prejudice occurred by the prosecution's failure to file a proof of service in accordance with MCL 769.13(2). Neither defendant nor his counsel

---

"whether providing a habitual offender notice in district court satisfies the requirement set forth in MCL 769.13 that the habitual offender notice be served within 21 days after the defendant's arraignment on the information." *Straughter*, 501 Mich at 944. The Supreme Court has issued no ensuing opinion or order with respect to *Straughter*, and thus, we remain bound by *Head*. MCR 7.215(J)(1).

[3] It appears that the hearing at which defendant failed to appear occurred on July 8, 2013, wherein the court heard defendant's motion to quash.

expressed surprise at sentencing when defendant was sentenced as a fourth habitual offender, and defendant is not challenging the fact that his prior criminal record supports his fourth-offense habitual offender status. In fact, defendant did not even raise this issue until July 31, 2017, nearly four years and a vast number of unrelated challenges later. The record reflects that defendant had actual notice within the time frame set forth in MCL 769.13(1) and that he was not prejudiced in his ability to respond to the habitual offender notice.

Defendant argues that because the actual notice to defendant was communicated by the trial court and not the prosecution,[4] he was not properly notified in compliance with MCL 769.13, and that to rule otherwise runs afoul of the separation of powers doctrine under the Michigan Constitution, Const 1963, art 3, §2.[5] Other than a general reference to the separation of powers doctrine, defendant cites no authority in support of his argument that it applies in this circumstance, and it is not the obligation of this Court to search for such authority; this claim is deemed abandoned. *Flint City Counsel v Michigan*, 253 Mich App 378, 393 n 2; 655 NW2d 604 (2002). Defendant alternatively argues that his trial counsel was ineffective in failing to raise this issue in the trial court and to ensure that he was properly advised of the habitual offender notice. Had that occurred, defendant contends, "this likely would have influenced him to more carefully consider possible plea negotiations." Defendant's argument is unpreserved, *People v Snider*, 239 Mich App 393, 423; 608 NW2d 502 (2000), lacks a factual predicate, *People v Ginther*, 390 Mich, 436, 442-443; 212 NW2d 922 (1973), and fails to establish prejudice, *Lafler v Cooper*, 566 US 156, ___; 132 S Ct 1376, 1389; 182 L Ed2d 398 (2012). For these reasons, I concur in the majority decision to affirm.

/s/ Jane M. Beckering

---

[4] It is not clear from the record that defendant's representation is true. The pretrial conference summary does not indicate whether the prosecution or the trial court raised the issue of the habitual offender enhancement at the conference.

[5] Defendant first raised this issue before the trial court in a motion for reconsideration, resulting in a trial court order denying the motion for lack of merit.